IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>

JUDY PAN

            **Plaintiff,**

    v.

TEMPLE UNIVERSITY HOSPITAL, INC.

            **Defendant.**

</td><td>

CIVIL ACTION NO. 22-3695

</td></tr>
</table>

## ORDER

**AND NOW,** this  11th day of September 2024, upon consideration of the pending motions and responses, it is hereby **ORDERED** that:

1. The Motions to Seal [Doc. Nos. 24 and 27] are **GRANTED** in part and **DENIED** in part as follows:  The Motions are **GRANTED** except as to Plaintiff's Exhibit C. Within **14 days**, Plaintiff shall file a copy of Exhibit C on the public docket with appropriate redactions of names and personal information.[1]

2. Defendant's Motion for Summary Judgment [Doc. No. 19] is **GRANTED**  for the reasons stated in the accompanying Memorandum Opinion.

---

[1] The common law presumes that the public has a right of access to judicial materials. In both criminal and civil cases, a common law right of access attaches 'to judicial proceedings and records.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d at 192). "[D]ocuments filed in connection with a motion for summary judgment are judicial records" with a "presumptive right of public access." *Id.* To overcome the common law presumption of the public's right to access of judicial materials, a movant must show "that the interest in secrecy outweighs the presumption" by demonstrating "that the material is the kind of information that courts will protect[,] and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotation marks and citations omitted). Here, the parties seek to seal documents with personal information relating to non-parties to the litigation. This information is properly placed under seal. *See, e.g., McCowan v. City of Philadelphia*, No. 19-3326, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021) ("the personal identifying information of nonparties is precisely 'the kind of information that courts will protect.'"); *Berger v. I.R.S.*, 487 F. Supp. 2d 482, 503 (D.N.J. 2007), *aff'd*, 288 Fed. Appx. 829 (3d Cir. 2008) (third party interest in keeping phone numbers private). However, Plaintiff's Exhibit C, which is her responses to interrogatories, includes substantial information that is not properly under seal, and the Court therefore requires that a copy be placed on the public docket that that only redacts personal information, including the names of residents who are not parties to the litigation.

3.  The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

CYNTHIA M. RUFE, J.